IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIANNA CLANCY AMELIA WILLIAMS,<br>　　　Plaintiff, | :<br>:<br>: | |
| v. | : | CIVIL ACTION NO. 23-CV-2605 |
| NORTH CATASAUQUA POLICE DEPT., *et al.*<br>　　　Defendants. | :<br>:<br>: | |

## MEMORANDUM

**SCHMEHL, J. /S/ JLS**　　　　　　　　　　　　　　　　　　　　**SEPTEMBER  21, 2023**

Tianna Clancy Amelia Williams filed a *pro se* Complaint alleging civil rights violations. (*See* Complaint ("Compl." (ECF No. 2.))) Williams also seeks leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Williams leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.　　FACTUAL ALLEGATIONS**[1]

Williams has named as Defendants the North Catasauqua Police Department, the Catasauqua Police Department, the Chiefs of those two Departments, six officers or detectives, and the Northampton County District Attorney. Making repetitious allegations, she claims that both Police Departments have discriminated against her by not properly handling investigations on emergency calls she placed, and on other occasions failed to respond to her calls. (Compl. at 3.) She claims she has been detained for unknown reasons, the Defendants declined to take her statements, refused her protection from abuse "after hours," arrested her when she was the victim, and made statements about the color of her skin. (*Id*.) She contends that the Catasauqua

---

[1] The facts set forth in this Memorandum are taken from Williams's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Police "bust[ed] through my door forcefully removing my children and detained me." (*Id.*) Unnamed officers told her she is "an angry Black woman" and failed to respond to her call when she was allegedly being attacked by an ex-boyfriend. (*Id.*) The North Catasauqua Police "and listed officers" allegedly failed to properly investigate her claims, ignored her statements about being the victim of extortion and blackmail, detained her based on false statements, refused to investigate abuse, and told her they "don't do internet crimes." (*Id.*) She also claims they charged her with crimes she did not commit. (*Id.*)

Williams claims that unnamed officers made statements such as "I don't see marks" when paramedics told them that they did. (*Id*. at 4.) They came to Williams's "civil hearings" and testified about events where charges were "ruled false," and refused to press charges on the "other party." (*Id.*) She claims a friend was detained for an assault by officers who claimed "black people look the same," despite the friend having proved he was falsely identified.[2] (*Id.*) Williams asserts that "both Police Departments had allowed arrest in the minorities involved and never did anything against the White parties involved[. I]nstead they made me the criminal when I was a victim of abuse for many years." (*Id.*) Williams seeks money damages. (*Id*. at 6.)

II.   **STANDARD OF REVIEW**

The Court grants Williams leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[2] The Court understands this allegation to be provided as background to Williams's own claims about discrimination, rather than a claim brought on behalf of this other unnamed individual. This is because, although a person may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Williams is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Williams seeks to assert constitutional claims. The vehicle by which constitutional claims may be asserted in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

    **A.    Claims Against the Police Departments**

Williams has named the North Catasauqua Police Department and the Catasauqua Police Department as Defendants. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.

*See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Thompson v. State of N.J.*, No. 05-4420, 2005 WL 2406100, at *3 (D.N.J. Sept. 28, 2005) (holding that the Trenton Police Department is not a "person" subject to suit under 42 U.S.C. § 1983). Therefore, the North Catasauqua Police Department and the Catasauqua Police Department are not a proper defendants in this case under § 1983 and are dismissed with prejudice.

   **B. Claims Against the Remaining Defendants**

  Williams has also named the Chiefs of the two Police Departments, six officers or detectives of the two Departments, and the Northampton County District Attorney. While she alleges generally that the Defendants have discriminated against her by not properly handling investigations on emergency calls she placed, failed to respond to her calls, detained her for unknown reasons, declined to take her statements, refused to provide her protection from abuse, and made statements about the color of her skin, Williams fails to identify which named Defendant took each of the acts that she describes.

  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution"). Because Williams fails to allege that any of the Defendants was personally involved in the incidents she describes, her claims are not plausible and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, because it is possible that Williams can cure the defect the Court has identified, she will be permitted to file an amended complaint to opportunity to "flesh out [her] allegations by . . . explaining in [an] amended complaint the 'who, what, where, when and why' of [her] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).

IV.  **CONCLUSION**

For the foregoing reasons, the Court will grant Williams leave to proceed *in forma pauperis*, dismiss her Complaint in part with prejudice and in part without prejudice and grant her leave to file an amended complaint. An appropriate Order with additional information on amendment follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**